## NATHANIEL THAYER *vs.* CITY OF BOSTON & others.

A testator by his will bequeathed an annuity "to my sister Honorine Degrand of Aix in France;" and by a codicil, which revoked all the bequests in his will, bequeathed an annuity to "Delphine Degrand of Aix." He had a sister Honorine Degrand who lived in Aix. He had formerly had a sister Delphine, who never lived in Aix, and had been dead many years to his knowledge; and he knew no person of that name living in Aix. *Held*, that Honorine was entitled to the annuity.

BILL IN EQUITY by the trustee under the will of Peter Paul Francis Degrand, of Boston, who died on the 23d of December 1855, to obtain the instructions of the court as to the payment

of an annuity. The case was reserved by *Bigelow*, J. for the consideration of the full court upon these agreed facts:

The testator by his will, dated May 5th 1851, among other annuities, bequeathed an annuity of $1,200 to " Mrs. Degrand, *née* Gurgey, of Paris," wife of his brother Elzean Degrand, in trust, to meet her family expenses, and after her death, for the like purpose, to her husband, and her daughter " Mrs. Delphine des Guis of Paris," successively, and then to her child; and an annuity of $1,200 " to my sister Miss Honorine Degrand of Aix in France."

By a codicil, dated December 20th 1855, he revoked the gifts of annuities in his will, and bequeathed others, among which were these: To " Mrs. Degrand, *née* Gurgey, of Paris, and her child and grandchild and husband," $1,200; and to " Miss Delphine Degrand of Aix in Provence," $300.

The testator formerly had a sister named Delphine, who died in 1843, (as he then knew and recognized during the rest of his life,) who never lived in Aix, and was not mentioned in his original will. He had no other relative or sister in law named Delphine Degrand, and knew no person of that name in Aix. He had a sister Honorine who lived in Aix and was the only person that claimed the annuity.

*F. E. Parker*, for the plaintiff.

The other parties submitted the case without argument.

METCALF, J. It has long been settled that when in a will the name or description of a legatee is erroneous, the legacy shall not fail of effect if it can be ascertained beyond reasonable doubt, by legal evidence, whom the testator intended to name or describe. And this intention may be ascertained either by the context of the will or by parol evidence, as to all material facts relating to the person who claims the legacy, and to the circumstances of the testator and of his family and affairs. 1 Roper on Leg. (2d Amer. ed.) 164 *&* seq. 2 Williams on Executors, (4th Amer. ed.) 987 *&* seq. Wigram on Wills, (3d ed.) 51 *&* seq. *Tucker* v. *Seaman's Aid Society*, 7 Met. 205, 206.

In the case before us, we think it very clear on the face of the will and codicil, in connection with the agreed facts — which

would undoubtedly be admissible in evidence if they were not agreed upon — that the testator intended to make a bequest to his living sister, Honorine Degrand of Aix in Provence, and not to his deceased sister, Delphine Degrand, whom he knew to be deceased, and who never lived at Aix. It is impossible to distinguish this case from that of *Smith* v. *Coney*, 6 Ves. 42.

It is said by Lord Abinger that it has generally been found, where mistakes have been assumed to have been made by testators, either in the name or description of the devisee, or the property devised, that the mistake has been made in the name and not in the description. *Bradshaw* v. *Bradshaw*, 2 Y. & Col. Exch. 86. Such was the testator's mistake in this case. He erroneously gave to the legatee the name of Delphine; but he correctly described her as of Aix in Provence. The bequest which he nominally made to Delphine must therefore be paid to Honorine, for whom it was intended.

*Decree accordingly.*